Gen. 269]                                                     269

## PUBLIC OFFICERS AND EMPLOYEES

COLLEGES AND UNIVERSITIES – COMMUNITY COLLEGES –
    MEMBERS OF BOARD OF COMMUNITY COLLEGE TRUSTEES
    FOR HARFORD COUNTY ARE SUBJECT TO CONTINUING
    RESIDENCY REQUIREMENT

August 4, 1995

*Gregory A. Rapisarda, Esquire*

On behalf of the Board of Community College Trustees for Harford County, you have requested our opinion whether a member of the Board who moves out of the county may continue serving on the Board. The applicable law requires the members of the Board to be residents of Harford County.

In our opinion, the residency requirement is a continuing qualification. Hence, a member of the Board who ceases to be a legal resident of the county is no longer eligible to serve on the Board.

## I

### Analysis

In relevant part, §16-508(a)(2) of the Education ("ED") Article, Maryland Code, provides that each of the nine members of the Board of Community College Trustees for Harford County "shall be ... [a] resident of Harford County."[1] Although the law provides for the appointment of six of the members from the county's six

---

[1] The residency requirement for the Board was prescribed in the enactment that established the Board. Chapter 154 of the Laws of Maryland 1974. There is no documented legislative history of this enactment.

councilmanic districts, ED §16-508(a)(3), your question relates to a member who is relocating his residence to another county.[2]

In *Dorf v. Skolnik*, 280 Md. 101, 115, 371 A. 2d 1094 (1977), the Court of Appeals declared the following general rule: "[W]hen residence is a prerequisite to a given office then a change of residence vacates that office, absent a legislative expression to the contrary."  To be sure, this case concerned a political party office, not a public office, and was decided under a statute that expressly required continuing residence.  280 Md. at 109-10 and 116. Nevertheless, the quoted passage is an authoritative statement of the general rule in Maryland, as elsewhere.[3]  As a New Jersey court pointed out, speaking of a residency requirement for employment:

> It would make little sense to impose a residency requirement as a qualification for eligibility for appointment ... and not require the same qualification for continued employment.  If such were the case, any applicant, after satisfying the residency requirement for initial employment, could immediately remove from the political subdivision or unit and successfully claim the right to continued government employment. We cannot conceive that our Legislature intended such a result ....

*Skolski v. Woodcock*, 373 A. 2d 1008, 1010 (N.J. Super. 1977).

In our opinion, the *Dorf* pronouncement applies to members of the Board.  The Board is established by law.  ED §16-201(a).  The members have terms of five years.  ED §16-508(a)(2)(ii).  They perform important public duties, and most importantly exercise

---

[2] With regard to public office, "residence" ordinarily means legal residence or domicile. *Bainum v. Kalen*, 272 Md. 490, 496-497, 325 A.2d 392 (1974).  The principles that govern a determination of legal residence are summarized in the *Bainum* case.  272 Md. at 497-99.

[3] Continuing residency requirements are a corollary of a broader principle: "Eligibility to public office is of a continuing nature, and must subsist at the commencement of the term and during the occupancy of the office."  56 Am. Jur. 2d *Municipal Corporations, Counties, and Other Political Subdivisions* §248, at 307 (1971).

governmental power in the general control and management of the college.  ED §16-605.  Thus, the members meet the legal criteria for holding public office.  *See Board of Supervisors of Elections v. Attorney General*, 246 Md. 417, 439, 229 A.2d 388 (1967); 72 *Opinions of the Attorney General* 286, 288 (1987); 58 *Opinions of the Attorney General* 343, 355-356 (1973).

## II

### Conclusion

In the absence of any legislative expression suggesting that residence is not a continuing qualification for holding office as a member of the Board of Trustees, it is our opinion that a Board member who ceases to be a legal resident of Harford County has vacated this office.

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
 *Opinions & Advice*